United States District Court

Eastern District of California

Byron Eugene Johnson,

      Plaintiff,

vs.

David L. Runnels, et al.

      Defendants.

No. Civ. S 05-2123 GEB PAN P

Order

-oOo-

Plaintiff is a prisoner, without counsel, seeking leave to commence an action against prison officials for civil rights violations in forma pauperis pursuant to 28 U.S.C. § 1915(a). This proceeding was referred to this court by Local Rule 72-302 pursuant to 28 U.S.C. § 636(b)(1).

Plaintiff's declaration makes the showing required by 28 U.S.C. § 1915(a)(1) and (2).

Pursuant to 28 U.S.C. § 1915(b)(1), plaintiff must pay the $250 filing fee required by 28 U.S.C. § 1914(a). Plaintiff must

make monthly payments of 20 percent of the preceding month's income credited to his trust fund account.  28 U.S.C. § 1915(b)(2).  The agency having custody of plaintiff shall forward payments from plaintiff's account to the clerk of the court each time the amount in the account exceeds $10 until the filing fee is paid.

Congress burdens this court with the task of scrutinizing, at the outset of the litigation, each complaint in "a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity."  28 U.S.C. § 1915A(a).  Under that rigorous review the court must identify cognizable claims or dismiss the complaint, or any portion of it, if it is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.[1]  The court's affirmative duty to screen prisoner plaintiffs' pleading makes such cases unique.

The complaint in this action is so prolix and obscure that the court cannot reasonably discharge its responsibility under § 1915A(a) until plaintiff first satisfies his own duty to comply with the pleading requirements set forth in Rule 8 of the Federal Rules of Civil Procedure.  This rule requires the pleader to  set

---

[1] What is more, the court cannot require defendants to reply to such complaints without first determining plaintiff has a reasonable opportunity to prevail on the merits of his claims.  42 U.S.C. § 1997e(g).

2

forth his averments in a simple, concise, and direct manner.[2] The degree of simplicity and conciseness required depends on the subject matter of the litigation, the nature of the claims or defenses presented and the number of parties involved. Wright & Miller, <u>Federal Practice & Procedure</u>, vol. 5 § 1281 & n. 12 (1990) (explaining that an antitrust or copyright pleading due to its complexity, must be pleaded with more detail than a simple negligence complaint).[3]

In reviewing the complaint to determine if it states a claim for relief, the court will construe plaintiff's pleading liberally. See <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). The court will not dismiss a complaint without first telling plaintiff what the deficiencies are and giving him an opportunity to cure them. <u>Noll v. Carlson</u>, 809 F.2d 1446 (9th Cir. 1987); <u>Eldridge v.</u>

---

[2] A party need only plead in terms that are sufficient to provide the necessary notice to his adversary, and evidentiary material supporting the general statements normally should not be set out in the pleadings but rather should be left to be brought to light during the discovery process. Wright & Miller § 1281 Rule 8 p. 519.

[3] In this regard, the mere fact that this action falls into the exclusive category the court must screen under § 1915A dictates a strict interpretation of whether the pleading is sufficiently short and plain. The undersigned has over 200 such cases on his docket at any one time. One poorly-pleaded, 30-page prisoner complaint, multiplied by 200, yields 6,000 pages of material this court has an affirmative duty to review and screen (not to mention the frequency with which a pro se prisoner's pleading must go through amendment before service of process). Both the defendants <u>and</u> the court must select the relevant material from the mass of verbiage. "[T]he law does not require nor does justice demand that a judge must grope through [thousands of] pages of irrational prolix and redundant pleadings, containing matters foreign to the issue involved . . . in order to determine the grounds for the [plaintiff's] complaint." <u>Passic v. Michigan</u>, 98 F. Supp. 1015, 1016-17 (D.C. Mich. 1951). The court's transition to a paperless record system greatly exacerbates the problem.

1  Block, 832 F.2d 1132, 1136 (9th Cir. 1987).

2  But before undertaking to determine whether the complaint
3  may have merit, the court may insist upon compliance with its
4  rules. McNeil v. United States, 508 U.S. 106 (1993) (federal
5  rules apply to all litigants, including prisoners lacking access
6  to counsel); Crawford-El v. Britton, 523 U.S. 574 (1998)
7  (encouraging "firm application" of federal rules in prisoner
8  cases).

9  Plaintiff filed an "amended complaint" October 21, 2005,
10 which attempted to add a defendant; it is not complete in itself
11 to state all of plaintiff's claims against all defendants and the
12 court will not consider it.  The court instead screens
13 plaintiff's original pleading.  The 80-page complaint, which
14 attaches over 100 pages of exhibits, names as defendants 21
15 officials at High Desert State Prison and the Department of
16 Corrections, and alleges a laundry-list of claims relating to law
17 library access, grievance procedures, racial "lockdowns,"
18 retaliation, and psychiatric and medical care.  The pleading
19 attempts to incorporate by reference allegations in the pleading
20 of a prior civil rights suit and relitigate issues therein, and
21 seeks "mandamus" relief against state officials.  Plaintiff's
22 complaint violates Rule 8 of the Federal Rules of Civil
23 Procedure.

24 In reviewing plaintiff's complaint, the court is required to
25 guess who is being sued for what.  If the pleading were served in
26 its present form it would not give defendants fair notice of the

4

claims against them and, indeed, their best guess about the nature of plaintiff's complaint may be quite different than the court's. See McHenry v. Renne, 84 F.3d 1172 (9th Cir. 1996) (court should be able to read the complaint in minutes, not hours, and may consider the rights of defendants to be free from costly and harassing litigation and other litigants waiting their turns to have other matters resolved); see also Nevijel v. North Coast Life Insurance Co., 651 F.2d 671 (9th Cir. 1971); Von Poppenheim v. Portland Boxing & Wrestling Commission, 442 F.2d 1047 (9th Cir. 1971).

Plaintiff's task is modest. He is not required to identify the law that makes the alleged conduct wrong. A pleader is free to use his own language to state, simply and directly, the wrong that has been committed, and clearly explain how each state actor identified as a defendant was involved and what relief plaintiff requests of each defendant. Jones v. Community Redevelopment Agency of the City of Los Angeles, 733 F.2d 646 (9th Cir. 1984); Johnson v. Duffy, 588 F.2d 740 (9th Cir. 1978).

Plaintiff's complaint is dismissed with leave to amend. If he wishes to continue this litigation he must file an amended complaint.

Plaintiff's amended complaint must adhere to the following requirements:

A complaint must contain a caption including the name of the court and the names of all parties. Fed. R. Civ. P. 10(a).

More than one claim against a single defendant may be joined

1  in the same action.  Fed. R. Civ. P. 18(a).

2  Claims against different defendants may be joined in the
3  same action only if the claims arise from the same transactions
4  or occurrences.  Fed. R. Civ. P. 20(a).

5  Each claim founded upon a separate transaction or occurrence
6  must be set apart as a "separate count."  Within each count, the
7  circumstances that give rise to the claim must be alleged in
8  separate, numbered paragraphs.  Fed. R. Civ. P. 10(b).

9  These allegations must be short and plain, simple and
10 direct and describe the relief plaintiff seeks.  Fed. R. Civ. P.
11 8(a); <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506, 514 (2002);
12 <u>Galbraith v. County of Santa Clara</u>, 307 F.3d 1119, 1125 (9th Cir.
13 2002).[4]

14 Plaintiff must sign the complaint.  Fed. R. Civ. P. 11(a).

15 The amended complaint must be complete in itself without
16 reference to plaintiff's original complaint.  Local Rule 15-220.

---

[4]  Negligence is not actionable under 42 U.S.C. § 1983.  However, to illustrate the simplicity and brevity of statement contemplated by the rules (<u>see</u> Fed. R. Civ. P. 84), this example of a complaint based upon an automobile accident is provided:

    1.  Allegation of jurisdiction.
    2.  On June 1, 1936, in a public highway called Boylston Street in Boston, Massachusetts, defendant negligently drove a motor vehicle against plaintiff who was then crossing said highway.
    3.  As a result plaintiff was thrown down and had his leg broken and was otherwise injured, was prevented from transacting his business, suffered great pain of body and mind, and incurred expenses for medical attention and hospitalization in the sum of one thousand dollars.
    Wherefore plaintiff demands judgment against defendant in the sum of ____ dollars and costs.

Form 9, Appendix of Forms to the Federal Rules of Civil Procedure.

1  Plaintiff is admonished that a prisoner pursuing civil
2 rights claims without counsel, like all other litigants, is
3 required to obey the court's orders, including an order to amend
4 his pleading. Ferdik v. Bonzelet, 963 F.2d 1258 (9th Cir. 1992);
5 Pagtalunan v. Galaza, 291 F.3d 639 (9th Cir. 2002).  His failure
6 to obey the court's orders and the local and federal rules and
7 meet his responsibilities in prosecuting this action may justify
8 dismissal, including dismissal with prejudice.  Ferdik, 963 F.2d
9 1258 (affirming dismissal with prejudice for pro se prisoner's
10 failure to comply with order requiring filing of amended civil
11 rights complaint); Pagtalunan, 291 F.3d 639 (affirming dismissal
12 with prejudice for pro se prisoner's failure to comply with order
13 requiring filing of amended habeas petition); Moore v. United
14 States, 193 F.R.D. 647 (N.D. Cal. 2000) (denying motion for leave
15 to file third amended complaint and dismissing action with
16 prejudice for pro se plaintiff's failure to comply with Rule 8);
17 Franklin v. Murphy, 745 F.2d 1221, 1232-33 (9th Cir. 1984)
18 (affirming dismissal with prejudice for pro se prisoner's failure
19 to prosecute); Carey v. King, 856 F.2d 1439 (9th Cir. 1988)
20 (affirming dismissal without prejudice for pro se prisoner's
21 failure to comply with local rule requiring he notify the court
22 of any change of address).
23   Accordingly, the court hereby orders that:
24   1.  Plaintiff's request to proceed in forma pauperis is
25 granted.  Plaintiff must pay a $250 filing fee.
26   2.  Plaintiff's complaint is dismissed with leave to amend

7

within 30 days.  Plaintiff shall file an original and one copy of his amended complaint, which must bear the docket number assigned to this case and be titled "Second Amended Complaint."  Failure to comply with this order may result in a recommendation the action be dismissed and, if warranted, that dismissal will be with prejudice.

Dated:  December 27, 2005.

                     /s/ Peter A. Nowinski
                     PETER A. NOWINSKI
                     Magistrate Judge