IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON EUGENE JOHNSON,

      Plaintiff,                              No. CIV S-05-2123 GEB PAN P

      vs.

DAVID L. RUNNELS, et al.,

      Defendants.                       ORDER

                               /

          Plaintiff is a state prisoner proceeding pro se and in forma pauperis with an action filed pursuant to 42 U.S.C. § 1983. By order filed December 27, 2005, plaintiff's complaint was dismissed with leave to file an amended complaint. On January 25, 2006, plaintiff filed an amended complaint.

          The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

          A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an

1  indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
2  490 U.S. at 327.  The critical inquiry is whether a constitutional claim, however inartfully
3  pleaded, has an arguable legal and factual basis.  See Jackson v. Arizona, 885 F.2d 639, 640 (9th
4  Cir. 1989); Franklin, 745 F.2d at 1227.

5             A complaint, or portion thereof, should only be dismissed for failure to state a
6  claim upon which relief may be granted if it appears beyond doubt that plaintiff can prove no set
7  of facts in support of the claim or claims that would entitle him to relief.  Hishon v. King &
8  Spalding, 467 U.S. 69, 73 (1984) (citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957)); Palmer v.
9  Roosevelt Lake Log Owners Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a
10 complaint under this standard, the court must accept as true the allegations of the complaint in
11 question, Hospital Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976), construe the
12 pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor,
13 Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

14            In his complaint, plaintiff alleges that his right to access the court was
15 compromised by L.T.A. Cox, who provided plaintiff with copies of his habeas petition, of which
16 the first thirty pages of each copy were burned at the top, making the first four lines of each of the
17 first thirty pages difficult to read.  The court finds that plaintiff fails to allege specific charging
18 allegations against this defendant upon which relief may be granted.  The claims against this
19 defendant will therefore be dismissed.

20            Plaintiff alleges in his complaint that defendants David A. Dennis and Dr. Dahl
21 acted unprofessionally by mocking and laughing at plaintiff, and that defendants Sweeten, Barron,
22 Green, and Cooper have verbally harassed plaintiff with slurs and false allegations.  While this
23 alleged behavior is certainly objectionable, the court finds that these allegations fail to state a
24 claim upon which relief may be granted.  The court will therefore not order service on these
25 defendants.
26 /////

Plaintiff also alleges in his complaint that N. Grannis, as the acting Chief of Inmate Appeals for the California Department of Corrections and Rehabilitation, "acted in concert and under color of authority with all other defendants ... to deprive plaintiff of due process," and "effectively blocked or obstructed and covered up any and all real and meaningful investigations, thereby causing plaintiff irreparable emotional, mental, and physical stress and anguish."  The court finds these allegations so vague and conclusory that they fail to state a claim upon which relief may be granted.  The court will therefore not order service on this defendant.

The Civil Rights Act under which this action was filed provides as follows:

> Every person who, under color of [state law] . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution . . . shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.  The statute requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by plaintiff.  See Monell v. Department of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362 (1976).  "A person 'subjects' another to the deprivation of a constitutional right, within the meaning of § 1983, if he does an affirmative act, participates in another's affirmative acts or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made."  Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Moreover, supervisory personnel are generally not liable under § 1983 for the actions of their employees under a theory of respondeat superior and, therefore, when a named defendant holds a supervisorial position, the causal link between him and the claimed constitutional violation must be specifically alleged.  See Fayle v. Stapley, 607 F.2d 858, 862 (9th Cir. 1979); Mosher v. Saalfeld, 589 F.2d 438, 441 (9th Cir. 1978), cert. denied, 442 U.S. 941 (1979).  Vague and conclusory allegations concerning the involvement of official personnel in civil rights violations are not sufficient.  See Ivey v. Board of Regents, 673 F.2d 266, 268 (9th Cir. 1982).

1 | The court finds that plaintiff's inclusion of defendants David L. Runnels, Roderick Q. Hickman, Richard Rimmer, Edward Alameida, Joanne Wolford, Thomas Moore, Steve White, Captain J.M. Briddle, Lieutenant S. Chapman, and Senior Librarian J. Flaherty to be based solely on a theory of respondeat superior.  The court will therefore not order service of process on these defendants.

In accordance with the above, IT IS HEREBY ORDERED that:

1. Service is appropriate for the following defendants: D. Jackson, H. Wagner, Bailey, and J. Miranda.

2. The Clerk of the Court shall send plaintiff four USM-285 forms, one summons, an instruction sheet and a copy of the amended complaint filed January 25, 2006.

3. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 1 above; and

    d. Five copies of the endorsed amended complaint filed January 25, 2006.

4. Plaintiff need not attempt service on defendants and need not request waiver of service.  Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

DATED: September 12, 2006.

UNITED STATES MAGISTRATE JUDGE

14/john2123.1amd.new