IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| BYRON JOHNSON, | | |
| | Plaintiff, | No. CIV S-05-2123 GEB EFB P |
| vs. | | |
| DAVID RUNNELS, et al., | | |
| | Defendants. | FINDINGS AND RECOMMENDATIONS |
| _____ / | | |

Plaintiff is a state prisoner proceeding *pro se* and *in forma pauperis* with a civil rights action pursuant to 42 U.S.C. § 1983. This action is proceeding on plaintiff's January 25, 2006, second amended complaint. On February 1, 2007, defendants Jackson, Miranda, and Wagner filed an unenumerated 12(b) motion to dismiss for failure to exhaust administrative remedies prior to filing suit.

**I.      Summary of Facts**

Plaintiff alleges in the second amended complaint that defendant Miranda, a correctional officer, retaliated against him after a dispute arose concerning the handling of plaintiff's legal mail. He also claims that defendant inmate appeals coordinators Jackson and Wagner have obstructed his right of access to the courts. He asserts that these acts violated his Fourteenth Amendment due process and First Amendment rights. Compl., at 8-9, 12.

1

## II. Standards Applicable to This Motion

### A. Unenumerated 12(b) Motion

Defendant's motion to dismiss challenges whether plaintiff has met the requirement of the Prison Litigation Reform Act (PLRA) that "[n]o action shall be brought" until available administrative remedies are exhausted. 42 U.S.C. § 1997e(a). Defendant seeks dismissal under Rule 12(b) of the Federal Rules of Civil Procedure. While the Ninth Circuit has stated that Rule 12(b) is the proper mechanism for resolving questions arising under 42 U.S.C.§ 1997e(a), *Wyatt v. Terhune*, 315 F.3d 1108 (9th Cir. 2003), the reason underlying that decision has been undermined. The Ninth Circuit found that failure to exhaust was a matter in abatement which should be raised in a motion made under "unenumerated Rule 12(b)."[1] *Wyatt*, 315 F.3d at 1119. However, the United States Supreme Court recently clarified that failure to exhaust is an affirmative defense which defendant has the burden of pleading and proving. *Jones v. Bock*, ___ U.S. ___, 127 S.Ct. 910, 921 (2007). Federal courts appropriately consider affirmative defenses on summary judgment. Here, defendant's motion necessarily requires the court to consider the affidavits and exhibits presented for the purpose of proving the absence of exhaustion. Accordingly, the court finds that a motion for summary judgment is the proper mechanism for resolving the question of whether plaintiff satisfied the exhaustion requirement

### B. Rule 56 Standards

Summary judgment is appropriate when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v.*

////

////

---

[1] *Wyatt* is clear that regardless of nomenclature, a motion attacking failure to exhaust is not a challenge to the sufficiency of the complaint. It is a motion in which defendant must raise and prove by evidence the absence of exhaustion. *Id.* In this regard, the Ninth Circuit in *Wyatt* provides further guidance. It recognizes that when the district court looks beyond the pleadings to a factual record in deciding the exhaustion motion it necessarily does so under "a procedure closely analogous to summary judgment." *Id.*, n.14

2

*Catrett*, 477 U.S. 317, 322 (1986).[2] As explained by the Ninth Circuit, the utility of Rule 56 to screen which cases actually require resolution of disputed facts over material issues (through presentation of testimony and evidence at trial) has been clarified and enhanced.

> In three recent cases, the Supreme Court, by clarifying what the non-moving party must do to withstand a motion for summary judgment, has increased the utility of summary judgment. First, the Court has made clear that if the non-moving party will bear the burden of proof at trial as to an element essential to its case, and that party fails to make a showing sufficient to establish a genuine dispute of fact with respect to the existence of that element, then summary judgment is appropriate. *See Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). Second, to withstand a motion for summary judgment, the non-moving party must show that there are "genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242 (1986) (emphasis added). Finally, if the factual context makes the non-moving party's claim implausible, that party must come forward with more persuasive evidence than would otherwise be necessary to show that there is a genuine issue for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). No longer can it be argued that *any disagreement* about a material issue of fact precludes the use of summary judgment.

*California Arch. Bldg. Prod. v. Franciscan Ceramics*, 818 F.2d 1466, 1468 (9th Cir.), *cert. denied*, 484 U.S. 1006 (1988) (parallel citations omitted) (emphasis added). In short, there is no "genuine issue as to material fact," if the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Grimes v. City and Country of San Francisco*, 951 F.2d 236, 239 (9th Cir. 1991) (quoting *Celotex*, 477 U.S. at 322).

////

////

---

[2] On October 5, 2004, the court expressly informed plaintiff of the requirements for opposing a motion pursuant to Rule 56 of the Federal Rules of Civil Procedure. *See Rand v. Rowland*, 154 F.3d 952, 957 (9th Cir. 1998) (en banc), *cert. denied*, 527 U.S. 1035 (1999), and *Klingele v. Eikenberry*, 849 F.2d 409, 411-12 (9th Cir. 1988). Pursuant to *Wyatt*, 315 F.3d at 1120, n.4, that order also expressly informed plaintiff of the requirements for opposing a failure to exhaust motion that is supported by affidavits or declarations and exhibits.


## III. Analysis

A prisoner may bring no action under 42 U.S.C. § 1983 or any other federal law until he has exhausted available administrative remedies. 42 U.S.C. § 1997e(a). This requirement is mandatory. *Booth v. Churner*, 532 U.S. 731, 741 (2001). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.2d 1048, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and the prisoner is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney v. Carey*, 311 F.3d 1198 (9th Cir. 2002). Defendant has the burden of proving that plaintiff did not exhaust. *Brown v. Valoff*, 422 F.3d 926, 936 (9th Cir. 2005); *Wyatt*, 315 F.3d at 1119.

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id.*, at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id.*, at § 3084.5. A division head reviews appeals on the first formal level, *see id.*, at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See Id.*, at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id.*, at § 3084.1(a).

Plaintiff alleges in his complaint that defendant Miranda retaliated against him following a dispute over Miranda's handling of plaintiff's confidential legal mail by threatening to "slam" plaintiff's "black ass to the concrete," escorting him last to the shower, and also tearing through plaintiff's property. Compl., at 8. Defendants argue that plaintiff's only allegation against defendant Miranda is that he and another correctional officer named Hull refused to handle

4

plaintiff's legal mail, and the Director's level decision for this grievance makes plain that the only conduct at issue, with respect to violating plaintiff's due process rights, was that of officer Hull.

Plaintiff submitted with his original complaint, filed October 21, 2005, a copy of a Director's Level Decision addressing plaintiff's grievance that defendant Miranda made derogatory remarks toward him, placed him in handcuffs that were too tight, and confiscated some of his property. *See* Pl.'s Ex., Attached to Complaint, filed October 21, 2005, at Part 1, pp. 4, 14. An amended complaint must be complete in itself without reference to any prior pleading. Local Rule 15-220; *see Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). However, a court may consider documents that are not expressly incorporated into the complaint, but "upon which the plaintiff's complaint necessarily relies." *Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998). The essence of these claims in this Director's Level decision parallel those asserted in the operative complaint. The court therefore recommends that defendants' motion to dismiss for failure to exhaust be denied as to defendant Miranda.

Plaintiff's claims that appeals coordinators Wagner and Jackson make it a practice to indulge in obstructing or impeding investigations of appeals do not appear, from the record before the court, to be exhausted. The court therefore recommends that these claims be dismissed for plaintiff's failure to exhaust.

Accordingly, IT IS HEREBY RECOMMENDED that defendants' motion to dismiss for failure to exhaust administrative remedies be denied as to defendant Miranda and granted as to defendants Jackson and Wagner and that defendant Miranda be directed to file an answer within twenty days.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections

1 to Magistrate Judge's Findings and Recommendations." Failure to file objections within the
2 specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158
3 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).
4 Dated: August 28, 2007.

*[signature]*
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE