IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON EUGENE JOHNSON,

      Plaintiff,                          No. CIV S-05-2123 GEB EFB P

   vs.

DAVID L. RUNNELS, et al.,

      Defendants.            <u>ORDER</u>

_____/

        Plaintiff is a prisoner without counsel suing for alleged civil rights violations. *See* 42 U.S.C. § 1983. Currently under consideration are plaintiff's April 4, 2008, motion to compel discovery and his April 21 and April 28, 2008, motions to supplement the motion to compel. These later motions are construed as motions to compel discovery. Defendant Miranda opposed the April 4 motion. Defendant Baillie did not because of a docketing error[1] and because he never received service of the motion. Both defendants oppose plaintiff's motions filed April 21 and 28, 2008. As explained below, the motions must be denied because discovery closed before plaintiff filed them.

---

[1] On April 4, 2008, plaintiff filed a motion for the appointment or counsel and a motion to compel discovery. The Clerk of the Court scanned these documents as if they were a single filing. Therefore, until recently the motion to compel did not appear on the docket as an independent filing.

1

1    The court issued two schedules in this case, one governing the litigation with respect to
2 each defendant.[2] *See* Fed. R. Civ. P. 16(b).  Pursuant to the April 10, 2007, schedule governing
3 the litigation involving defendant Baillie, all motions to compel discovery had to be filed no later
4 than July 1, 2007.  Pursuant to the October 15, 2007, schedule applicable to the litigation
5 involving defendant Miranda, all motions to compel discovery had to be filed no later than
6 February 8, 2008.  Here, plaintiff filed motions to compel discovery on April 4, April 21 and
7 April 28, 2008, after discovery closed with respect to each defendant.  In order for the court to
8 reach the merits, the schedule must be modified.

9    A court will not modify a schedule except upon a showing of good cause.  Fed. R. Civ. P.
10 16(b)(4).  Good cause exists when the moving party demonstrates he or she cannot meet the
11 deadline despite exercising due diligence.  *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604,
12 609 (9th Cir. 1992).  The defendants point out that plaintiff's motions are late and that plaintiff
13 has not demonstrated any basis for modifying the schedule.  The court has reviewed plaintiff's
14 filings in detail.  Nowhere in any of these documents does plaintiff so much as acknowledge the
15 schedule's time limits for motions to compel discovery.  Thus, he makes no argument that this
16 court should entertain them even though he filed them beyond the time set in the scheduling
17 orders.  Therefore, the court declines to consider the merits of the motions.  The motions must be
18 denied.

19    Accordingly, it is ORDERED that:

20    1. Plaintiff's April 4, 2008, motion to compel discovery is denied; and

21 ////
22 ////
23 ////
24 ////

---

[2] This is so because the defendants, represented by separate counsel, filed their answers months apart from each other.

2

2. Plaintiff's April 21 and April 24, 2008, motions, construed as motions to compel discovery, are denied.

Dated: July 21, 2008.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

3