IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON EUGENE JOHNSON,

    Plaintiff,                     No. CIV S-05-2123 GEB EFB P

    vs.

DAVID L. RUNNELS, et al.,

    Defendants.                ORDER

/

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. Currently under consideration are plaintiff's June 30, 2008, motions to continue summary judgment and to modify the schedule to allow him to conduct additional discovery. *See* Fed. R. Civ. P. 56(f), 16(b)(4).

**I.    Background**

      This action proceeds on the January 25, 2006, complaint. On April 3 and April 4, 2008, defendants Ballie and Miranda filed motions for summary judgment. *See* Fed. R. Civ. P. 56. On April 29, 2008, the court granted plaintiff a 60-day extension of time to file an opposition. Plaintiff has not filed an opposition or a statement of no opposition. Instead, plaintiff filed the motions currently under consideration. As explained below, plaintiff's motions is denied,

////

1

and plaintiff is given one more opportunity to file an opposition or statement of no opposition to the defendants' motions.

This action involves plaintiff's allegations that he was falsely accused of belonging to a prison gang, and thereafter was placed on lockdown and subjected to unduly harsh interrogation and treatment. Defendants moved for summary judgment on all but plaintiff's equal protection claim. Rather than oppose the motion, plaintiff requested that it be deferred under Rule 56(f), Fed. R. Civ. P.

**II.     Plaintiff's Request to Continue Summary Judgment**

Plaintiff seeks additional time to pursue discovery regarding documents he believes exist based on information he obtained on June 16, 2008. A court may deny or postpone a motion for summary judgment to permit further discovery when an opposing party shows by affidavit that it cannot present facts essential to justify the party's opposition if some showing is made that the additional discovery mat actually make a difference in the outcome of the summary judgment motion. Fed. R. Civ. P. 56(f). As the party opposing summary judgment, plaintiff's burden to prevail on this motion is high:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Fed. R. Civ. P. 56(f). This standard requires the party seeking a continuance to "identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City and County of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Plaintiff asserts that on June 19, 2008, he received a document relevant to his claim of racial discrimination. Based on the facts in this document, he believes that the defendants have additional evidence of his Fourteenth Amendment and his Eighth Amendment claims. However, he does not identify the facts he believes to be essential to opposing defendants' motion. Furthermore, defendants do not move for summary judgment on

2

1 the claim of racial discrimination. Plaintiff has not identified any facts additional discovery will
2 reveal which bear on the pending motions for summary judgment. Therefore, his Rule 56(f)
3 request must be denied.

4 **III. Motion to Modify the Schedule**

5 Plaintiff also moves to modify the schedule. A schedule may be modified upon a
6 showing of good cause. Fed. R. Civ. P. 16(b). Good cause exists when the moving party
7 demonstrates he cannot meet the deadline despite exercising due diligence. *Johnson v.*
8 *Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). Pursuant to the October 15,
9 2007, scheduling order discovery closed on February 8, 2008.

10 Plaintiff requests that the court open discovery again so that he may request from the
11 defendants additional documents about his Fourteenth Amendment and Eighth Amendment
12 claims. As noted above, he asserts that on June 19, 2008, he received a document containing
13 facts which bear on his Fourteenth Amendment claim. He does not disclose the facts or even the
14 nature of the document because he believes that it is "protected under the work-product doctrine
15 and was prepared in anticipation of litigation." Pl.'s Mot. to Vac. Sched. Ord., filed June 30,
16 2008, at 4. However, since plaintiff received this document from someone else, he could not
17 have prepared it in anticipation of litigation. *See* Fed. R. Civ. P. 26(b)(3). Plaintiff alleges that
18 he did not know of the facts contained in the document before June 19, and could not have
19 known them no matter how diligent he had been. However, the court will not open discovery
20 again without having facts demonstrating that this is more than a fishing expedition or a delay
21 tactic. Without plaintiff disclosing the facts contained in the document he obtained and what he
22 believes he will discover if the schedule is modified, the court cannot find that there is a basis for
23 opening discovery again.

24 For these reasons, the court finds that plaintiff has failed to demonstrate good cause for
25 modifying the schedule.
26 ////

3

## IV. Failure to Oppose Motions for Summary Judgment

In cases in which one party is incarcerated and proceeding without counsel, motions ordinarily are submitted on the record without oral argument. Local Rule 78-230(m). "Opposition, if any, to the granting of the motion shall be served and filed with the Clerk by the responding party not more than eighteen (18) days, plus three (3) days for mailing or electronic service, after the date of service of the motion." *Id*. A responding party's failure "to file written opposition or to file a statement of no opposition may be deemed a waiver of any opposition to the granting of the motion and may result in the imposition of sanctions." *Id*. Furthermore, a party's failure to comply with any order or with the Local Rules "may be grounds for imposition of any and all sanctions authorized by statute or Rule or within the inherent power of the Court." Local Rule 11-110. The court may recommend that an action be dismissed with or without prejudice, as appropriate, if a party disobeys an order or the Local Rules. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1252 (9th Cir. 1992) (district court did not abuse discretion in dismissing *pro se* plaintiff's complaint for failing to obey an order to re-file an amended complaint to comply with Federal Rules of Civil Procedure); *Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (dismissal for *pro se* plaintiff's failure to comply with local rule regarding notice of change of address affirmed);

On September 13, 2006, the court advised plaintiff of the requirements for filing an opposition to the motion, that failure to oppose such a motion may be deemed a waiver of opposition to the motion and that failure to comply with the Local Rules may result in a recommendation of dismissal. Plaintiff is admonished again that this shall constitute his last warning.

Accordingly, it is ORDERED that:

1. Plaintiff's June 30, 2008, motion to continue summary judgment is denied;

2. Plaintiff's June 30, 2008, motion to modify the schedule is denied; and

////

4

3. Plaintiff has 20 days to file an opposition to defendants' motions for summary judgment. Failure to comply with this order will result in a recommendation that this action be dismissed.

Dated: March 16, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE