IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

BYRON EUGENE JOHNSON,

      Plaintiff,                      No. CIV S-05-2123 KJM-EFB P

   vs.

DAVID L. RUNNELS, et al.,

      Defendants.                <u>ORDER</u>

                                  /

        This matter is before the court on plaintiff's motion for verdict notwithstanding judgment and for a new trial, filed on July 8, 2011. (ECF 191.) For the following reasons, plaintiff's motion is DENIED.

I. <u>PROCEDURAL HISTORY</u>

        Plaintiff filed his original complaint in this action on October 21, 2005. (ECF 1.) After litigation of the matter over several years, including the grant of partial summary judgment to defendants, the jury trial commenced on June 20, 2011, with plaintiff proceeding pro se and deputy attorney general Philip Arthur representing the remaining defendant. Plaintiff's first amendment retaliation claim against defendant Miranda proceeded to trial. The jury returned its verdict on June 21, 2011, finding for defendant. (ECF 185.)

/////

On July 8, 2011, plaintiff, relying on Federal Rule of Civil Procedure 59, filed the present motion for verdict notwithstanding judgment[1] and for a new trial. Defendant filed his opposition on July 25, 2011. (ECF 197.)

II. ANALYSIS

    A. Standard

Federal Rule of Civil Procedure 59(a)(1)(A) provides that the court may grant a new trial "after a jury trial, for any reason for which a new trial has heretofore been granted in an action at law in federal court." Thus, "'Rule 59 does not specify the grounds on which a motion for a new trial may be granted.' [] Rather, the court is 'bound by those grounds that have been historically recognized.'" *Molski v. M.J. Cable, Inc.*, 481 F.3d 724, 729 (9th Cir. 2007) (quoting *Zhang v. Am. Gem Seafoods, Inc.*, 339 F.3d 1020, 1035 (9th Cir. 2003)). Such reasons include claims "'that the verdict is against the weight of the evidence, that the damages are excessive, or that, for other reasons, the trial was not fair to the party moving.'" *Id.* (quoting *Montgomery Ward & Co. v. Duncan*, 311 U.S. 243, 251 (1940)).

The grounds for granting a motion under Federal Rule of Civil Procedure 59(e) are: "1) . . . 'to correct *manifest errors of law or fact upon which the judgment is based*;' 2) the moving party presents 'newly discovered or previously unavailable evidence;' 3) the motion is necessary to 'prevent manifest injustice;' or 4) there is an 'intervening change in controlling law.'" *Turner v. Burlington Northern Santa Fe R.R.*, 338 F.3d 1058, 1063 (9th Cir. 2003)

---

[1] Plaintiff explicitly states that his motion is "pursuant to Rule 59." Plaintiff did not make a Rule 50 motion prior to submission of the case to the jury, although he did indicate that he would be making a motion of some sort but had not yet researched what kind of motion he would make; as a result, he cannot make a Rule 50 motion after the trial – one cannot "renew" a motion made for the first time. *See* FED. R. CIV. P. 50; *see also EEOC v. Go Daddy Software, Inc.*, 581 F.3d 951, 961 (9th Cir. 2009) ("A Rule 50(b) motion for judgment as a matter of law is not a freestanding motion. Rather, it is a renewed Rule 50(a) motion."); *Tortu v. Las Vegas Metropolitan Police Dept.*, 556 F.3d 1075, 1081-83 (9th Cir. 2009). Thus, although plaintiff calls his motion one for "verdict notwithstanding judgment," it is not, and will not be treated by the court as though it were, a Rule 50 motion. The court instead treats this as a Rule 59 motion to alter or amend judgment.

1  (quoting *McDowell v. Calderon*, 197 F.3d 1253, 1254 n.1 (9th Cir. 1999)) (emphasis in original).
2  "A trial court properly acts within its discretion in denying a Rule 59(e) motion where the
3  verdict is not manifest error of law." *Nelson v. Equifax Info. Servs. LLC*, 522 F. Supp. 2d 1222,
4  1237 (C.D. Cal. 2007) (citing *Turner*, 338 F.3d 1058).  Moreover, the district court "enjoys
5  considerable discretion in granting or denying the motion." *United States Fidelity & Guaranty*
6  *Co. v. Lee Investments LLC*, 2009 U.S. Dist. LEXIS 90579, at *9 (E.D. Cal. Sep. 29, 2009).
7  "Rule 59(e) is an 'extraordinary remedy, to be used sparingly in the interests of finality and
8  conservation of judicial resources.'" *Merrill v. County of Madera*, 2007 U.S. Dist. LEXIS
9  90981, at *4 (E.D. Cal. Dec. 11, 2007) (quoting *Kona Enterprises, Inc. v. Estate of Bishop*, 229
10 F.3d 877, 890 (9th Cir. 2000)).

       B.  Application

12          Plaintiff contends that he is entitled to amended judgment or a new trial because
13 the "verdict [is] against the clear weight of evidence offered by Plaintiff [and] the court
14 committed substantial error in rejecting certain evidence" and because "Defendant's counsel []
15 committed misconduct by offering legal advice to Plaintiff's witness, Van M. Washington [and]
16 repeatedly violated the rules set on use of non-relevant information [and] Plaintiff just received
17 the 5/9/11 notice . . . as to Plaintiff being made available for telephonic conference on
18 5/18/2011."  (Pl.'s Mem. at 1-2.)  Plaintiff's contentions are without merit.

19          The jury verdict was not "against [the] clear weight of evidence."  Plaintiff was
20 required to prove, by a preponderance of the evidence, that: 1) defendant took an adverse action
21 against plaintiff; 2) plaintiff's protected conduct was a substantial or motivating factor for the
22 alleged retaliatory action; 3) defendant's action chilled plaintiff's exercise of his First
23 Amendment rights or would chill or silence a person of ordinary firmness from future First
24 Amendment activities; and 4) the action did not reasonably advance a legitimate correctional
25 goal.  *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005).  On the record of the trial, the
26 court cannot find that plaintiff met his burden such that the jury erred in returning its verdict.

Rather, defendant presented evidence from which a reasonable jury could conclude that his search of plaintiff's cell was not retaliatory and advanced a legitimate correctional goal.

Moreover, the court did not commit "substantial error" in excluding plaintiff's CDC 602 appeal form.  Plaintiff contends that this proffered exhibit was not hearsay, but rather was "in accordance with Rule 803(6) records of regularly conducted activity."  (Pl.'s Mem. at 2.)  However, the document, setting forth the details of the January 11, 2004 search, which was the subject of the present litigation and submitted by plaintiff as part of the prison grievance process, decidedly does not fall within the hearsay exception created by Federal Rule of Evidence 803(6).  Rather, it memorializes a private grievance plaintiff wanted to use to prove the truth of the matter asserted, FED. R. EVID. 801(c), and does not qualify as "[a] memorandum, report, record, or data compilation . . . of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity . . . ."  FED. R. EVID. 803(6).  "For a memorandum or record to be admissible as a business record, it must be (1) made by a regularly conducted business activity, (2) kept in the 'regular course' of that business, (3) 'the regular practice of that business to make the memorandum,' (4) and made by a person with knowledge or from information transmitted by a person with knowledge."  *Clark v. Los Angeles*, 650 F.2d 1033, 1036-37 (9th Cir. 1981).  Plaintiff, in recording his grievance, was not "'acting routinely, under a duty of accuracy, with employer reliance on the result, or [] in the regular course of business.'"  *Id*. at 1037 (quoting *United States v. Pitman*, 475 F.2d 1335 (9th Cir. 1973), *cert. denied*, 414 U.S. 873 (1973)).  Even if the court committed error in excluding this exhibit, any such error does not support either a new trial or an amended or altered verdict.  With or without the grievance, the verdict was not against the weight of the evidence.  As defendant notes, "[w]hile the grievance itself is hearsay, the jury was able to hear sworn testimony about the contents of the grievance. Thus Johnson was not harmed by the exclusion of the document itself."  (Def.'s Opp'n at 7.)

4

Plaintiff also is not entitled to an amended judgment or a new trial due to defense counsel's alleged misconduct. "'A new trial is warranted on the ground of attorney misconduct during the trial where the flavor of misconduct sufficiently permeates an entire proceeding to provide conviction that the jury was influenced by passion and prejudice in reaching its verdict.'" *Merrill*, 2007 U.S. Dist. LEXIS 90981, at *25 (quoting *Anheuser-Busch, Inc. v. Natural Beverage Distributors*, 69 F.3d 337, 346 (9th Cir. 1995)). Although, as is clear from the court's June 27, 2011 order to show cause (ECF 188), the court took issue with the substance of defense counsel's telephone interview with plaintiff's witness, Van M. Washington, the record of this telephone conversation could not have influenced the jury to act with passion or prejudice in reaching its verdict. Very little of the objectionable portion of the conversation was covered in the jury's presence, and to the extent it was reviewed, it was through plaintiff's cross-examination. Moreover, Washington appeared as a witness, meaning that defense counsel's comments to him did not have the effect of keeping him away from trial. While defense counsel did err in what he said to Washington, his error had no material effect on the trial.

Likewise, plaintiff's contention that he is entitled to a new trial because defense counsel "repeatedly violated the rules set on use of non-relevant information" (Pl.'s Mem. at 2) is meritless. Defense counsel questioned plaintiff's incarcerated witnesses for the purpose of attacking their character for truthfulness in accordance with Federal Rule of Evidence 609. When defense counsel began to traverse the boundaries set by the court's orders on motions in limine, the court cut him off. Plaintiff also had the opportunity to object to an objectionable line of questioning during trial. *See Merrill*, 2007 U.S. Dist. LEXIS 90981, at *27 (citing *Kaiser Steel Corp. v. Frank Coluccio Constr. Co.*, 785 F.2d 656, 658 & n.2 (9th Cir. 1986)) ("The failure to object and seek a curative instruction or admonition generally waives the right to contend a new trial is necessary because a counsel's arguments were improper.").

Finally, plaintiff's nonappearance at the May 18, 2011 status conference for reasons beyond plaintiff's and the court's control does not warrant an amended verdict or new

trial. Defendant's contention that this nonappearance had no affect on trial is compelling (Def.'s Opp'n at 11) as the purpose of the status conference was to discuss the court's calendar conflict. (ECF 169.) The trial was ultimately reset, plaintiff appeared and did not complain of the new date and the trial concluded without mishap.

III. CONCLUSION

For the foregoing reasons, plaintiff's motion for verdict notwithstanding judgment and for a new trial is DENIED. This case is CLOSED.

IT IS SO ORDERED.

DATED: August 13, 2011.

UNITED STATES DISTRICT JUDGE